**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ELIJAH J. WILLIAMS,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-966**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**EQUIFAX INFORMATION SERVICES LLC,**

**Defendant.**

## REPORT AND RECOMMENDATION

On August 19, 2026, the Court noted that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) was incomplete and that Plaintiff had not filed a Complaint. (ECF No. 3.) The Court ordered Plaintiff to file a properly supported motion for leave to proceed *in forma pauperis* and a Complaint on or before September 18, 2026. (*Id.*) When Plaintiff failed to comply with that Order, on September 23, 2026, the Court ordered Plaintiff to show cause by October 7, 2026, why this action should not be dismissed for failure to prosecute, unless Plaintiff had filed a Complaint, and either paid the $405.00 filing fee or filed a properly supported motion for leave to proceed *in forma pauperis*, in the interim. (ECF No. 4.) The Court further advised Plaintiff that "failure to comply with this Order will result in dismissal of this action for failure to prosecute." (*Id.*) To date, Plaintiff has failed to comply with the August 19, 2026, and September 23, 2026 Orders. He has neither filed a Complaint, nor paid the $405.00 filing fee or filed a properly supported motion for leave to proceed *in forma pauperis*, nor sought an extension of time to do so, nor responded in any way to the Court's Orders.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Orders instructing him to file a Complaint and either pay the filing fee or file a properly supported motion for leave to proceed *in forma pauperis*. (*See* ECF Nos. 3–4.) Moreover, the Court explicitly cautioned Plaintiff in the both Orders that failure to comply would result in dismissal of this action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is

. . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear order of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed these deadlines and disregarded the Court's orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE